THE VANDEVELD LAW OFFICES, P.C.
*Mr. Curtis C. Van de veld, Esq.*
Attorney and Legal Counselor
Restored Historic Dungca House, Second Floor
123 Hernan Cortes Avenue
Hagåtña, Guam 96910
Telephone:  Hagåtña Office 671.472.4396
            Cellular 671.488.0888
            Facsimile 671.472.2561
            Home Office 671.477.2020
Email: curtisguamlawyer@hotmail.com
    or  curtis@vandeveldlawguam.com

**Attorney for Plaintiffs:**
    Maria A. Gange,
    Jesus Cruz Charfauros,
    Ana A. Chargualaf,
    Jesus G. Aguigui
    and those persons similarly situated –
    the putative class

**FILED**
DISTRICT COURT OF GUAM
JUL 22 2010
JEANNE G. QUINATA
CLERK OF COURT

# IN THE UNITED STATES OF AMERICA

## DISTRICT COURT OF GUAM

| | |
|---|---|
| MARIA A. GANGE, JESUS CRUZ CHARFAURAOS, ANA A. CHARGUALAF, JESUS G. AGUIGUI, for themselves and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>GOVERNMENT OF GUAM, GUAM ANCESTRAL LANDS COMISSION by and through its individual Commissioners (for injunctive relief only to prevent a transfer) and DOES One (1) through Three hundred (300), inclusive.<br><br>Defendants. | District Court of Guam<br>Civil Case No. 10-00018<br><br><br><br><br>**FIRST AMENDED CLASS ACTION COMPLAINT FOR INJUNCTIVE RELIEF, FOR DECLARATORY RELIEF AND ALTERNATIVELY FOR JUST COMPENSATION** |

Plaintiffs for themselves and on behalf of all other similarly situated dispossessed ancestral land owners, which class is more particularly described below ("Dispossessed

ORIGINAL
Page 1

Ancestral Landowners"), who bring this action by and through their counsel, Mr. Curtis Van de veld, Esq. of **THE VANDEVELD LAW OFFICES, P.C.,** and as claims for relief against defendants allege:

## I. PARTIES

1. Each of the Plaintiffs is a United States citizen and is a resident of Guam.

2. Government of Guam is the governing entity of the Territory of Guam.

3. The Guam Ancestral Lands Commission (GALC) is a part of the Government of Guam and whose power is vested in the Commissioners of the Guam Ancestral Lands Commission (hereinafter "Commissioners") each of whom are residents of Guam and are believed to be citizens of the United States of America.

4. Plaintiff and the Class are ignorant of the true names and capacities of the defendants sued herein as DOES one (1) through three hundred (300), inclusive and therefore sues these defendants by such fictitious names. Plaintiffs and the Class will amend this complaint to allege their true names and capacities when ascertained. Plaintiffs and the Class are informed and believe and thereon allege that each of the fictitiously named defendants is responsible as hereinafter shown for the occurrences and injuries alleged in this class action complaint.

## II. JURISDICTION

5. This Court has jurisdiction over the matters alleged herein pursuant to 48 U.S.C. § 1424.

6. This Court has further jurisdiction over matters alleged herein pursuant to 28 U.S.C. § 1332.

7. The amount in controversy exceeds five million dollars ($5,000,000.00).

8. The issues herein concern the violation of Federal statutes such as the Organic Act of Guam and the United States Constitution.

9. Venue is proper in this Court since all the transactions referred to herein occurred in Guam.

### III. GENERAL AVERMENTS

10. 21 GCA 801014(e) created a public trust with the Class designated as the beneficiaries of that trust and, at all times herein relevant, the Commissioners of the GALC Commissioners were and are the trustees of this trust ("Dispossessed Ancestral Landowners Trust") which holds land assets transferred to the trust by the Government of Guam for the benefit of the Dispossessed Ancestral Landowners which includes all members of the Class.

11. The Dispossessed Ancestral Landowners were defined in 21 GCA § 801014(e) as the ancestral landowners who, by virtue of continued government or public benefit use of their ancestral land cannot regain possession of their ancestral lands (hereinafter "Dispossessed Ancestral Landowners") who were designated by law as the beneficiary of the Dispossessed Ancestral Landowners Trust.

12. All members of the Class herein are Dispossessed Ancestral Landowners and beneficiaries of the Dispossessed Ancestral landowners Trust who own an interest in all land conveyed to the Dispossessed Ancestral Landowners Trust.

13. 21 GCA §80104(e) states:

> (e) Land Bank. The Commission shall take title, as Trustee, of former Spanish Crown Lands and other non-ancestral lands that are conveyed by the Federal government to the government of Guam after the effective date of this Act, on behalf of ancestral landowners who, by virtue of continued government or public benefit use cannot regain possession or title to their ancestral lands.

> The Commission shall establish a Guam-based trust to administer all assets and revenues of the land bank of the aforementioned lands and manage the lands, and act as the developer of the lands, *if necessary*, to the highest and best use. The Commission shall establish rules and regulations pursuant to the Administration Adjudication Law for the Guam-based trust. The resulting income shall be used to provide just compensation for those dispossessed ancestral landowners.

### IV. SPECIFIC AVERMENTS Re: LAND PARCELS AT ISSUE

14. Prior to July 13th 2010, Lot Naval Radio Station (R) Finegayan-1 (formerly Federal Aviation Administration (FAA) site), also referred to as "Parcel N2", consisting of +/- 2,758,882 square meters, or +/- 581.732 acres ("FAA Lot") was conveyed by the Government of Guam to the Dispossessed Ancestral Landowners Trust for the benefit of the Class and all the Dispossessed Ancestral Landowners.

15. Prior to July 13th 2010, the Government of Guam conveyed Lot Andersen South, also known as Marbo Base Command "C" or Andersen South, consisting of approximately +/- 1,598,877 square meters, or +/- 395.09 acres of land (hereinafter "Marbo Lot") to the Dispossessed Ancestral Landowners Trust for the benefit of the Class and all the Dispossessed Ancestral Landowners.

16. On July 13th 2010 Acting Governor Mike Cruz signed Bill No. 278-30 into law, becoming Public Law 30-158, which requires the Ancestral Lands Commission to deed the FAA Lot and the Marbo Lot to "... all original landowners of properties transferred to the A.B. Won Pat International Airport Authority (GIAA) by the United States of America, but whose properties were retained by GIAA... ."

17. Public Law 30-158 is unfair to the Class who do not own dispossessed ancestral land held by GIAA especially since the FAA Lot and the Marbo Lot constitute a substantial portion of the total assets held by the Dispossessed Ancestral Landowners Trust.

18. Without the FAA Land and without the Marbo Land the remaining Ancestral Landowners will not be fairly and fully compensated for their claims, and certainly to a significantly lesser extent than those ancestral landowners who will benefit from Public Law 30-158. This is fundamentally unfair and infringes on the Class's property rights.

19. All land held in trust for the Dispossessed Landowners Trust should be for the benefit of all Dispossessed Landowners and not used to benefit a small minority at the expense of the majority of Dispossessed Ancestral Landowners.

## V. CLASS ALLEGATIONS

### CLASS DEFINITION

20. Plaintiffs brings this case as a class action on behalf of themselves and on behalf of all ancestral landowners or claimants who by virtue of continued government or public benefit use of their ancestral land, they cannot regain possession or title to their ancestral land which is defined as those lands owned privately by residents of Guam on or after January 1, 1930 which was condemned or acquired by the United States of America ("Class").

### CLASS EXCLUSIONS

21. Excluded from the class are ancestral landowners or claimants of properties transferred to the A.B. Won Pat International Airport Authority (GIAA) by the United States of America, but whose properties were retained by GIAA.

### NUMEROSITY

22. The Class is so numerous that joinder of all members is impractical. Plaintiffs are informed and believe that several hundred persons fall within the definition of the proposed Class as alleged herein above.

### COMMON QUESTIONS OF LAW AND FACT

23. There are questions of law and fact common to the Class including but not limited to:

a. Whether the Dispossessed Ancestral Landowners are beneficiaries of Dispossessed Landowners Trust.

b. Whether the FAA Lot and the Marbo Lot are assets which were owned by the Dispossessed Landowners Trust prior to July 13th 2010 held by the Commissioners as Trustees for the benefit of all Dispossessed Ancestral landowners including the Class.

c. Whether Public Law 30-158 signed into law by Acting Governor Mike Cruz was a taking of the FAA Lot and Marbo Lot from the Class of their property without just compensation.

d. Whether Public Law 30-158 signed into law by Acting Governor Mike Cruz requires the Commissioners to take illegal and unauthorized actions in violation of their obligations to protect the property interests of the Class, in and to the FAA Lot and the Marbo Lot.

**TYPICALITY**

24. Plaintiffs' claims are typical of the claims of the Class sharing the same legal theories and facts establishing liability of the Defendants.

**ADEQUACY OF REPRESENTATION**

25. Plaintiffs can and will adequately protect the interests of the Class because Plaintiffs similarly situated with, and has suffered similar injuries as, the members of the Class they seek to represent. Plaintiffs have no interests that conflict with or are antagonistic to the interests of the entire Class. Plaintiffs have retained an attorney competent and experienced in class actions who will vigorously prosecute this litigation.

**PREDOMINANCE AND SUPERIORITY**

26. A class action is superior to any other available method for the fair and efficient adjudication of the controversy because:

a. Common questions of law and fact predominate over any individual questions that may arise.

b. No member of the Class has a substantial interest in individually controlling the prosecution of a separate action.

c. Upon information and belief, there are no pending lawsuits concerning this controversy.

d. It is desirable to concentrate the litigation in one forum in Guam since the acts complained of all occurred in Guam with witnesses and discovery readily available in Guam in the pretrial stage of the litigation. The resolution of the claims of the Class members in a single forum, and in a single proceeding, would be a fair and efficient means of resolving the issues raised in the litigation.

e. Prosecution of separate actions by individual members of the Class would create a risk of inconsistent or varying adjudications that would establish incompatible standards of conduct on defendants.

f. The Class is specifically identifiable to facilitate provision of adequate notice and there will be no significant problems managing this case as a class action.

g. Resolution of class members claims in this single class action is superior to resolution of this controversy through the filing of a host of individual actions as a matter of efficiency, consistency and in that it removes economic and other barriers to class members pursuing their claim

## VI. AVERMENTS AS TO CAUSES OF ACTION

### FIRST CAUSE OF ACTION
### INJUNCTIVE RELIEF

27. Plaintiffs and the Class re-allege and incorporate by reference the allegations set forth in each of the preceding paragraphs of this Class Action Complaint.

28. At all times herein relevant and up to July 20th 2010 the Marbo Lot and the FAA Lot has been held in trust by the Commissioners, as trustees, for the benefit of the Class.

29. The Class has a property interest in the FAA Lot and in the Marbo Lot.

30. Public Law 30-158 requires the Commissioners to, within one hundred and eighty (180) days, transfer and deed the FAA Lot and the Marbo Lot to a third party without payment to the Dispossessed Ancestral Landowners Trust or the Class of just compensation for this required and mandated transfer.

31. The Marbo Lot and the FAA Lot are unique pieces of real property.

32. The Dispossessed Ancestral Landowners will be irreparably injured if the Commissioners transfer or deed the FAA Lot and/or the Marbo Lot to any other party without the Dispossessed Ancestral Landowners Trust or the Class being fairly and justly compensated for the transfer according to requirements of law.

33. Plaintiff and the Class further pray for judgment as herein below stated.

### SECOND CAUSE OF ACTION
### DECLARATORY RELIEF

34. Plaintiffs re-allege and incorporate by reference the allegations set forth in each of the preceding paragraphs of this Class Action Complaint.

35. Public Law 30-158 is an illegal taking and condemnation of the FAA Lot and the Marbo Lot from the Class without just compensation all in violation of the United States Constitution and the Organic Act of Guam and other laws of the United States of American

and Guam, and as such, should be declared unconstitutional, inorganic, illegal and unenforceable.

36. Public Law 30-158 is a condemnation action that does not comply with the requirements of law for initiating and completing a condemnation.

37. Since Public Law 30-158 is unconstitutional, inorganic and illegal the Commissioners need not comply with its terms and need not convey or deed the FAA Lot and/or the Marbo Lot to any third party without just compensation and to do so violates their trustee obligations to the Class.

38. Wherefore the Denied Claims Subclass pray judgment as herein below stated.

### THIRD CAUSE OF ACTION
### JUST COMPENSATION -TAKING

39. Plaintiffs re-allege and incorporate by reference the allegations set forth in each of the preceding paragraphs of this Class Action Complaint.

40. Public Law 30-15- is a taking and condemnation by the Government of Guam of the FAA Lot and the Marbo Lot.

41. The Dispossessed Ancestral Landowners Trust and the Class are entitled to just and fair compensation by and from the Government of Guam for Public Law 30-158's taking or condemnation of the FAA Lot and Marbo Lot.

42. Government of Guam is required to comply with all requirements of law to initiate and complete a condemnation action in order to require the GALC to transfer any properties held in trust for the benefit of the Class which includes but is not limited to the payments to the Ancestral Landowners Trust fair and just compensation.

**WHEREFORE**, Plaintiffs pray judgment from this Court as follows:

1. For injunctive relief enjoining and restraining the Commissioners from deeding or otherwise transferring the FAA Lot and Marbo Lot as mandated by Public Law 30-158;

2. For a declaration that Public Law 30-158 is unconstitutional, inorganic and illegal and that the Commissioners need not comply with its terms and to do so will violate their trustee obligations to the Class;

3. Alternatively, for a judgment of just and fair compensation to be paid by the Government of Guam to the Dispossessed Ancestral Landowners Trust for the benefit of the Class in an amount that is equal to the fair market value the FAA Lot and the Marbo Lot;

4. For an award of attorneys fees; and

5. For an award of costs and disbursements; and

6. For such other and further relief deemed appropriate, just and proper by this Court.

Dated this 22 day of July 2010.

THE VANDEVELD LAW OFFICES, P.C.

*[signature]*

**Mr. Curtis C. Van de veld, Esq.**
Counsel for Plaintiffs