# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF GUAM

**MARIA A. GANGE, JESUS C. CHARFAUROS, ANA A. CHARGUALAF, and JESUS G. AGUIGUI, for themselves and on behalf of all others similarly situated**,

Plaintiffs,

vs.

**GOVERNMENT OF GUAM, GUAM ANCESTRAL LANDS COMMISSION, by and through its individual Commissioners, and DOES 1 THROUGH 300, inclusive,**

Defendants.

Civil Case No. 10-00018

**ORDER DENYING MOTION FOR TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW CAUSE**

Before the court is Plaintiffs' application for a temporary restraining order ("the TRO Application").[1] *See* Docket No. 5. Also before the court is the motion to dismiss Plaintiffs' complaint ("the Motion to Dismiss") that Defendants included in their opposition to the TRO Application. *See* Docket No. 16.

### A. Denial of TRO Application

The TRO Application is **DENIED**. It seeks equitable relief to enjoin what is alleged to be a taking of private property "without requiring advance payment of just compensation as required by the [Fifth] Amendment of United States Constitution and the Organic Act of Guam."

---

[1] The TRO Application originally sought *ex parte* relief. In a prior order, though, the court denied the TRO Application in that respect, because Plaintiffs failed to explain why the court should proceed *ex parte*. *See* Docket No. 12. Thus, the court uses the short form "TRO Application," rather than "*ex parte* TRO Application."

Docket No. 5 at 2:2-4. But "[e]quitable relief is not available to enjoin an alleged taking of private property for a public use, duly authorized by law, when a suit for compensation can be brought against the sovereign subsequent to the taking." *Ruckelshaus v. Monsanto Co.*, 467 U.S. 986, 1016 (1984). And "[t]he Fifth Amendment does not require that compensation precede the taking." *Id.* Here, a suit for compensation can be brought against the sovereign subsequent to the alleged taking. *See* 7 G.C.A. § 11311.1. Thus, the court cannot grant the relief sought in the TRO Application.[2]

### B. Order to Show Cause

Plaintiffs are **ORDERED** to show cause why this case should not be dismissed. They assert three bases of jurisdiction: (1) diversity; (2) federal question; and (3) the original jurisdiction of the District Court of Guam. *See* Docket No. 4 at ¶¶5-8. Diversity jurisdiction clearly does not exist, because all parties to this case are, if anything, citizens of Guam. The court has serious questions about the other two bases.

#### 1. *Federal question*

Relying on the *Williamson* case, Defendants have argued that the federal question in this case, if any, is not yet ripe. *See* Docket No. 16 at 2:15-4:16 (citing *Williamson County Regional Planning Com'n v. Hamilton Bank of Johnson City*, 473 U.S. 172 (1985)). *Williamson* remains good law, even though it "*all but guarantees that claimants will be unable to utilize the federal courts to enforce the Fifth Amendment's just compensation guarantee.*" *San Remo Hotel, L.P. v. City and County of San Francisco, California*, 545 U.S. 323, 351 (2005) (Rehnquist, C.J., concurring) (emphasis added).

Plaintiffs have briefly argued that the case is ripe. *See* Docket No. 17 at 2:13-3:15. But the court rejects Plaintiffs' assertion that *Williamson* and its progeny are limited to regulatory takings. *See, e.g., Sinaloa Lake Owners Ass'n v. City of Simi Valley*, 864 F.2d 1475, 1479 (9th Cir. 1989) ("Even in physical taking cases, compensation must first be sought from the state if

---

[2] Also, the fact that Plaintiffs sought an injunction to prevent an alleged taking shows that—contrary to their reply—no taking has yet occurred.

adequate procedures are available."). The court also rejects Plaintiffs' assertion that *Williamson* and its progeny do not apply unless the case is predicated on Section 1983 of Title 42, United States Code, as no case appears to stand for such a rule.[3] Nonetheless, the court would like to give Plaintiffs a chance to make a more considered ripeness argument.

### 2. *Original jurisdiction of the District Court of Guam*

Plaintiffs seem to suggest that this case is within the original jurisdiction of the District Court of Guam. *See* Docket No. 4 at ¶5; *cf.* 48 U.S.C. § 1424(c). In their reply in support of their TRO Application, Plaintiffs suggest that their case is authorized by Guam's inverse condemnation law. *See* Docket No. 17 at 2:6-13 (citing 7 G.C.A. § 11311.1). Setting aside the fact that the operative complaint does not cite Section 11311.1, the court does not see how this case is within its original jurisdiction.

### C. Conclusion

Accordingly, the TRO Application is **DENIED**, and Plaintiffs are **ORDERED** to show cause why the court should not dismiss this case. Plaintiffs are specifically **ORDERED** to explain why the court should find (1) that some federal question in this case is ripe for adjudication, and that this case should not be dismissed on prudential grounds under *Williamson*; and (2) that this case is within the court's Section 1424(c) original jurisdiction.

Plaintiffs shall file their brief by 3 p.m. on Friday, September 2, 2010. Defendants shall file their response by 3 p.m. on Friday, September 16, 2010.

**SO ORDERED**.



     **/s/ Frances M. Tydingco-Gatewood**
            **Chief Judge**
        **Dated: Aug 23, 2010**

---

[3] The court does not follow Plaintiffs' argument about Guam being an instrumentality of the United States. Of course, "Guam should be viewed as a federal instrumentality for *some* purposes." *Blas v. Government of Guam*, 941 F.2d 778, 779 (9th Cir. 1991) (emphasis added). But if Plaintiffs are claiming that their takings claim actually runs against the United States, then they need to avail themselves of the process prescribed by the Tucker Act; and, if not satisfied with the result, they can only file an action in the Court of Federal Claims (given the value of their claim). *See* 28 U.S.C. §§ 1346(a)(2), 1491.